# EXHIBIT A
## (Complaint)

# EXHIBIT A

# DISTRICT COURT CIVIL COVER SHEET

Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| RENE ANDERS, an individual | ARISTOCRAT TECHNOLOGIES, INC.; |
| | EMPLOYEE(S)/AGENT(S) DOES 1-10; |
| | and ROE CORPORATIONS 11-20, |
| | inclusive; |
| Attorney (name/address/phone): Gabroy Law Offices | Attorney (name/address/phone): |
| 170 S Green Valley Parkway, Suite 280 | |
| Henderson, NV 89012 | |
| (702) 259-7777 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☒ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

| 12/15/2016 | |
|---|---|
| Date | Signature of initiating party or representative |

*See other side for family-related case filings.*

1

**COMPJD**
2  GABROY LAW OFFICES
Christian Gabroy (#8805)
3  Kaine Messer (#14240)
The District at Green Valley Ranch
4  170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
5  Tel    (702) 259-7777
Fax    (702) 259-7704
6  christian@gabroy.com
kmesser@gabroy.com
7  *Attorneys for Plaintiff*

8

9                           **DISTRICT COURT**

10      **EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

11  RENE ANDERS, an individual;                    Case No.
                                                   Dept.:
12                      Plaintiff,
      vs.
13                                                 **COMPLAINT**
   ARISTOCRAT TECHNOLOGIES, INC.;                  **(JURY DEMAND)**
14  EMPLOYEE(S)/AGENT(S) DOES 1-10;
   and ROE CORPORATIONS 11-20,
15  inclusive;

16                      Defendant.

17

18         COMES NOW Rene Anders ("Anders" or "Plaintiff"), by and through his attorneys of

19  record, Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices, and

20  hereby alleges and complains against Aristocrat Technologies, Inc. ("Aristocrat" or

21  "Defendant") as follows:

22                        <u>**JURISDICTION AND VENUE**</u>

23         1.      This is a civil action for damages under state and federal laws prohibiting

24  unlawful employment actions and to secure the protection of and to redress deprivation

25  of rights under these laws.

26         2.      Jurisdiction and venue is based upon NRS Chapter 608, the Fair Labor

27  Standards Act ("FLSA"), 29 USC § 216, *et seq.*, and the Family Medical Leave Act

28  ("FMLA"), 28 U.S.C. § 2617(a)(2).

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

3.      All alleged unlawful employment actions occurred in this judicial district

4.      Plaintiff demands a jury trial on all issues triable by jury herein.

## PROCEDURAL POSTURE

5.      Plaintiff has satisfied all requirements necessary to maintain this lawsuit. On or about December 5, 2016, Plaintiff mailed a five (5) day demand to Defendant, pursuant to NRS §608.140.   A true and accurate copy of such demand is hereby attached as Exhibit I.  Defendant did not honor such demand within five (5) days and the demand was withdrawn.

6.      Pursuant to 29. U.S.C. §216(b), Plaintiff's notice of consent to joinder is attached hereto as Exhibit II.

## PARTIES

7.      At all times relevant herein, Plaintiff was a resident within Clark County, in the State of Nevada.

8.      At all times relevant, Defendant was incorporated under the laws of the State of Nevada, was listed with the Nevada Secretary of State, and was doing business within Clark County, Nevada, where the subject unlawful employment practices occurred.

9.      At all times relevant, Defendant was Plaintiff's "employer" and thus subject to the FLSA, 29 U.S.C. §201 *et seq.* and NRS Chapter 608.

10.    At all times relevant, Defendant was an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1). More specifically, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA in that Defendant has engaged in an annual gross volume of sale made or business done that exceeds the $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes.

11.    At all times relevant, Plaintiff was an "employee" of Defendant as that term is defined in the FMLA, 29 USC § 2611.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

12.    At all times relevant, Defendant was an "employer" as that term is defined in 29 USC § 2611.

13.    At all times relevant, Defendant had custody or control over the Plaintiff and his employment, and was responsible for Plaintiff's labor and employment matters.

14.    DOE DEFENDANTS 1-10, inclusive, are persons, and ROE DEFENDANTS 11-20, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time.    These ROE CORPORATIONS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, or joint ventures of Defendants.    Individual DOE DEFENDANTS are persons acting on behalf of, or at the direction of, any Defendants, or who may be officers, employees, or agents of Defendants and/or a ROE CORPORATION or a related business entity.    These DOE/ROE Defendants, who were Plaintiff's employer(s), are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

## FACTUAL ALLEGATIONS

15.    On or around November 8, 1997, Defendant hired Plaintiff as an Assembler with a starting pay rate of $8.50 per hour.

16.    On or around January 17, 2000, Defendant appointed Plaintiff to the position of Production Team Leader with an hourly pay rate of $15.02 per hour paid bi-weekly.

17.    On or around April 14, 2003, Defendant changed Plaintiff's classification from non-exempt to exempt.

18.    On or around May 14, 2007, Plaintiff was transferred to the position of Quality Engineer.

19.    Plaintiff continued to be classified as exempt as a Quality Engineer.

20.    Upon information and belief, Plaintiff's primary job duties were routine and

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

non-exempt in nature.

21.    Such job duties establish that Plaintiff was not properly classified under the FLSA.

22.    During the year 2013, Plaintiff was paid an approximate annual salary of $65,986.44.  *See* a true and correct copy of Plaintiff's redacted pay statement attached as Exhibit III.   According to Plaintiff's pay statement, Plaintiff was paid a set hourly rate and a set number of hours which were the exact same, forty (40) per week, for each week worked despite Plaintiff customarily working more than forty (40) hours per week.

23.    During the year 2014, Plaintiff was paid an approximate annual salary of $66,586.00.  *See* a true and correct copy of Plaintiff's redacted pay statement attached as Exhibit IV.   According to Plaintiff's pay statements, Plaintiff was paid a set hourly rate and a set number of hours which were the exact same, forty (40) per week, for each week worked despite Plaintiff customarily working more than forty (40) hours per week.

24.    During the year 2015, Plaintiff was paid an approximate annual salary of $68,584.26.  *See* a true and correct copy of Plaintiff's redacted pay statement attached as Exhibit V.   According to Plaintiff's pay statements, Plaintiff was paid a set hourly rate and a set number of hours which were the exact same, forty (40) per week, for each week worked despite Plaintiff customarily working more than forty (40) hours per week.

25.    At all times relevant and on a weekly basis, Plaintiff was paid the same amount no matter how many hours he worked.

26.    At all times relevant, Plaintiff customarily worked in excess of forty (40) hours per week.

27.    Plaintiff was not lawfully compensated for work performed in excess forty (40) hours per week. *See* a true and correct copy of Plaintiff's redacted pay statement attached as Exhibit III.

28.    For example, Defendant failed to pay Plaintiff overtime wages for work during the two (2) week period of September 21, 2015 to October 4, 2015, during which Plaintiff worked in excess of forty (40) hours per week.  *See* attached redacted pay

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

statement hereto as Exhibit VI.  The Plaintiff worked in excess of forty (40) hours per week but was not paid overtime compensation.

29.     The Defendant provided false information on at least one of Plaintiff's pay statements, reflecting Plaintiff worked only forty (40) hours per week or eighty (80) hours per two (2) week pay period.  Exhibit VI.  The Plaintiff customarily worked in excess of forty (40) hours per week.  *See* attached redacted pay statements hereto as Exhibit III–VI.  According to such pay statements, Plaintiff was paid on an hourly basis and during that relevant time period, Defendant did not pay Plaintiff all his hours worked.

30.     On September 1, 2015, Plaintiff was placed on a Performance Improvement Plan.

31.     In or around October 2015, Plaintiff completed the Performance Improvement Plan requirements.

32.     On or around March 15, 2016, Defendant acknowledged in writing that Plaintiff successfully met the requirements of the Performance Improvement Plan.

33.     In a Memorandum regarding Plaintiff successfully meeting the requirements of the Performance Improvement Plan, Defendant stated that Plaintiff "has made strides in improving in all identified areas of opportunity. As a result, he has successfully met the requirements of the Performance Improvement Plan." Exhibit VII.

34.     On March 11, 2016, Plaintiff was approved for FMLA to care for his father who was diagnosed with stage 4 kidney failure along with congestive heart failure, glaucoma, and cataracts.

35.     Such care included bathing his father, delivery of medication, daily catheterization, and transportation to medical appointments.

36.     To care for his father, Plaintiff was forced to take FMLA leave on March 11, 2016, March 17, 2016, March 18, 2016, March 23, 2016, March 24, 2016, and March 31, 2016.

37.     On or around April 8, 2016, Defendant terminated Plaintiff.

38.     Defendant's proffered reason for Plaintiff's termination was that Plaintiff

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

"reverted to performing unsatisfactorily and is no longer meeting the requirements of the position." *See* attached termination notice hereto as Exhibit VIII.

39.     Defendant continued that "[i]t was explained to Rene that if he failed to meet the requirements of the Performance Improvement Plan, it would result in termination of employment." *See* attached termination notice hereto as Exhibit VIII.

40.     At all times relevant, Plaintiff was an exemplary employee and consistently received positive reviews and awards for his performance.

41.     Defendant's proffered reason for termination was pretextual.

**COUNT I**
**Wage Violations**
**N.R.S. 608.005, et seq.**

42.     Plaintiff hereby realleges and incorporates paragraphs 1 through 42 of this Complaint as though fully set forth herein.

43.     This count arises from Defendant's violation of NRS § 608.005, *et seq.* for Defendant's failure to pay lawful wages to Plaintiff, including but not limited to paying Plaintiff for all time worked in excess of forty (40) hours in individual work weeks.

44.     At all material times hereto, Plaintiff was employed by Defendant as an "employee" within the meaning NRS § 608.010.

45.     Plaintiff performed a variety of job duties and responsibilities for Defendant within this judicial district.

46.     At all material times hereto, Defendant was Plaintiff's "employer" per NRS § 608.011.

47.     At all relevant times and during the course of his employment for Defendant, Plaintiff was not exempt from the overtime wages provisions of NRS § 608.018.

48.     Plaintiff was directed by Defendant to work, and/or Defendant suffered Plaintiff to work, and Plaintiff did such work, in excess of forty (40) hours per week.

49.     Pursuant to NRS § 608.018, Plaintiff was entitled to be compensated at a

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

rate of one and one-half times his regularly hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

50.     Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.  Instead, Defendant paid Plaintiff at his regular rate of pay for all hours worked, including hours worked in excess of forty (40) in individual work weeks.  For example, Defendant failed to pay Plaintiff overtime wages for work during the two (2) week period of September 21, 2015 to October 4, 2015, during which Plaintiff worked in excess of forty (40) hours per week.  *See* attached redacted pay statement hereto as Exhibit IV.  The Plaintiff worked in excess of forty (40) hours per week but was not paid overtime compensation. Plaintiff was paid his set salary rate for those hours worked.  In violation of the law, Plaintiff worked in excess of forty (40) hours per week but was not paid overtime compensation.

51.     As a result of Defendant's failure and refusal to pay lawful wages to Plaintiff, including overtime wages, for all time worked in excess of forty (40) hours per week, Defendant violated NRS Chapter 608.

52.     Further, upon information and belief, Defendant failed to provide Plaintiff and maintain all records in accordance with NRS § 608.115 and has been damaged thereto.

53.     Pursuant to NRS 608.005, NRS 608.018, 608.040 and 608.140, *et seq.,* the Plaintiff seeks all available damages for such unlawful payment practices.

54.     The Defendant has failed and refused to pay the Plaintiff, a former employee of the Defendant, his earned but unpaid wages. Such conduct by the Defendant constitutes a violation of Nevada Revised Statutes § 608.020, or § 608.030, and provides the Plaintiff with a claim against Defendant for a continuation after the termination of his employment with the Defendant of his normal daily wages the Defendant would pay him, until such earned but unpaid wages are actually paid or for thirty (30) days, whichever is less, pursuant to Nevada Revised Statutes § 608.040(1).

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

55.    As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

56.    As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

57.    The Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT – WAGES**
**29 U.S.C. §201, *et seq.***

58.    Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs 1 through 58 as though fully set forth herein and incorporates the same herein by reference.

59.    This count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et seq.* for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) hours in an individual work week.

60.    Pursuant to the FLSA, Plaintiff has a right to be compensated for all overtime work time spent at the direction of, and for the benefit of, his employer.

61.    The time spent by Plaintiff working unpaid overtime is compensable work time payable at time and a half.

62.    At all material times hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of §203(e)(1) of the FLSA.

63.    Plaintiff performed a variety of job duties, labor, services, and responsibilities for Defendant within this judicial district that are subject to the aforesaid provisions of the FLSA.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

64.     Plaintiff was an employee of Defendant during the time period pertinent to this Complaint, and during a portion of the three years immediately preceding the initiation of this action.

65.     At all material times hereto, Defendant was Plaintiff's "employer" per the FLSA, 29 U.S.C. §203(d).

66.     At all times relevant and during the course of his employment for Defendant, Plaintiff was employed by Defendant and was not exempt from the overtime provisions of the FLSA 29 U.S.C. §207, *et seq.*

67.     Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one half times a base hourly pay rate and/or at a base minimum wage rate for each hour worked in excess of forty (40) hours per week.

68.     Plaintiff was directed by Defendant to work, and did such work in excess of forty (40) hours per week.

69.     Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendant provided Plaintiff with a set weekly salary, including hours worked in excess of forty (40) in individual work weeks. Defendant failed to pay Plaintiff overtime wages for work during the two (2) week period of September 21, 2015 to October 4, 2015, during which Plaintiff worked in excess of forty (40) hours per week. *See* attached redacted pay statement hereto as Exhibit IV. Plaintiff was paid his set salary rate for those hours worked. In violation of the law, Plaintiff worked in excess of forty hours per week but was not paid overtime compensation.

70.     Defendant's failure and refusal to pay lawful wages to Plaintiff for overtime wages owed violated the FLSA, 29 U.S.C. §207, *et seq.*

71.     Defendant willfully violated the FLSA by refusing to pay Plaintiff all lawful wages, including overtime compensation. All of the alleged various violations of the law herein were committed intentionally and/or willfully by Defendant herein.

72.     Defendant is liable to Plaintiff under the FLSA for actual damages,

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

equitable relief and any other damages awarded by this court.

73.   Per the FLSA, Plaintiff seeks all available damages including but not limited to attorney's fees, liquidated damages, and all lawful wages.

74.   Plaintiff seeks a judgment for unpaid overtime compensation and additional liquidated damages of one hundred percent of any unpaid overtime compensation, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff.

75.   Plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

**COUNT III**
**VIOLATION OF FAMILY MEDICAL LEAVE ACT**

76.   Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 76 as if fully incorporated by reference herein.

77.   Plaintiff, by taking medical leave to care for his father, who had a serious health condition, exercised his rights under the FMLA.

78.   Defendant committed the aforementioned conduct including terminating Plaintiff in reckless and willful violation of Plaintiff's federally protected rights.

79.   Defendant's aforementioned conduct including such termination of Plaintiff resulted in Defendant engaging in activity that chilled the exercise of Plaintiff's rights, caused interference, caused harassment, and/or retaliated against Plaintiff for exercising his rights under the FMLA and/or discriminated against Plaintiff in violation of the FMLA, 29 USC § 2615 et. seq.

80.   Defendant's aforementioned conduct and resulting termination of Plaintiff was motivated by the exercise of Plaintiff's rights under the FMLA in violation of the FMLA.

81.   Defendant discriminated against and discharged Plaintiff for taking FMLA leave and exercising his FMLA protected rights.

82.   Defendant interfered with, restrained, and/or denied the exercise of, or the

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

attempt to exercise, Plaintiff's rights under the FMLA

**COUNT II**
**NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

83.     Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 83 as if fully incorporated by reference herein.

84.     Defendant had a duty to exercise reasonable care to protect the Plaintiff from negligent and/or careless actions of their own agents, officers, employees, and others.

85.     Defendant owed a duty to the Plaintiff to not hire individuals with a propensity towards committing unlawful acts against Plaintiff.

86.     Defendant owed a duty to the Plaintiff to adequately train and supervise its employees in regards to all correct policies and procedures relating to medical leave, absence, and/or termination policies and procedures.

87.     Defendant breached its duty to protect the Plaintiff by failing to properly hire, train, and/or supervise its employees, whereby a reasonable person could have foreseen the injuries of the type Plaintiff suffered would likely occur under the circumstances.

88.     As a direct and proximate cause of the foregoing conduct, Plaintiff suffered harm including loss of income and benefits, severe emotional distress including but not limited to great mental and emotional harm, anguish, anxiety, insecurity, damage to self-esteem and self-worth, and shame and humiliation, lack or appetite, and loss of sleep and/or anxiety

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B.     All damages and penalties allowed under NRS 608.005 *et seq*.;

C.     For general damages in excess of $10,000.00;

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

D.   Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

E.   For special damages, where applicable, in excess of $10,000.00;

F.   For consequential damages, where applicable, in excess of $10,000.00;

G.   For reasonable attorney's fees and costs incurred in filing this action;

H.   For punitive damages on claims warranting such damages;

I.   Prejudgment and Post-Judgment Interest; and

J.   Such other and further relief as this Honorable Court deems appropriate and just.

DATED this _____ day of December 2016.

GABROY LAW OFFICES

By: _____
Christian Gabroy, Esq.
Kaine Messer, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway,
Suite 280
Henderson, NV 89012
Tel:    (702) 259-7777
Fax:    (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704



Christian Gabroy, Esq.*
————————————
Kaine Messer, Esq.**

*Also admitted in Illinois
**Also admitted in California

## GABROY LAW OFFICES
The District at Green Valley Ranch
170 S. Green Valley Pkwy. Ste. 280| Henderson, NV 89012
Office: (702) 259-7777 | Facsimile: (702) 259-7704
www.gabroy.com

December 5, 2016

## <u>FIVE DAY DEMAND UNDER NRS §608.140</u>

### <u>VIA REGULAR MAIL AND CERTIFIED MAIL</u>
Aristocrat Technologies, Inc.
C/O Incorp Services, Inc.
3773 Howard Hughes Pkwy Ste. 500s
Las Vegas, NV 89169

*Re: Rene Anders*

To Aristocrat Technologies, Inc.:

Our firm has been retained to represent the interests of Rene Anders.

Pursuant to NRS § 608.140, Mr. Anders herein provides a five-day demand in the amount of **$31,160.25** (Thirty-One Thousand One Hundred and Sixty Dollars and Twenty-Five Cents). This appears to be a reduced amount. If such demand is not met within five days, Mr. Anders will withdraw this demand without notice and pursue his remedies to the fullest extent of the law. This demand relates only to Mr. Anders' owed wages.

This letter also serves to give you notice that legal action may be taken against you; thus, you have a duty to preserve evidence that is relevant to this potential action. *See Bass-Davis v. Davis*, 122 Nev. 442, 450 (2006); *Banks v. Sunrise Hosp.*, 120 Nev. 822, 830-31 (2004). In addition to your duty to preserve traditional forms of documentary evidence (e.g., hard copy documents), we fully expect that any future litigation relating to this action will involve significant amounts of electronic and recorded data. Due to its format, such data is particularly susceptible to deletion, modification, and corruption. Accordingly, we hereby demand that you cease any and all existing electronic and recorded data deletion (whether pursuant to a data retention policy or not) and preserve all such information until the final resolution of this matter.

For the purposes of this preservation demand letter, "electronic and recorded data" includes, but is not limited to, the following: audio recordings, videotape, e-mail, instant messages, word processing documents, spreadsheets, databases, calendars, telephone logs, telephone recorded messages, voicemail messages, internet usage files, clock in and clock out data or information, and all other electronically stored information created, received, and/or maintained by the parties on computer systems. The sources of the documentary evidence and electronic and recorded data include, but are not limited to, all hard copy files, computer hard drives, removable media (e.g., CDs, DVDs, and flash/thumb drives) and the like, file server or data array (e.g. RAID), laptop computers, cell phones, Blackberry devices, personal digital assistants (PDAs), and any other locations where hard copy and electronic data is stored. Keep in mind that any of the above-mentioned sources of relevant information may include personal computers the parties or their employees use or have access to at home, or from other locations. It also includes inaccessible storage media, such as back-up tapes that may contain relevant electronic information not existing in any other form

Please note that this correspondence does not relate to any other potential claims Mr. Anders may have as Mr. Anders reserves all other claims.

If you have any questions or comments, feel free to contact the undersigned at any time.

I thank you.

Very Truly Yours,

GABROY LAW OFFICES

Christian J. Gabroy, Esq.

CJG/js

**CONSENT TO JOINDER**

I, _RENE ANDERS_ , by signing below, hereby consent to join this case as a Plaintiff pursuant to 29 U.S.C. 216(b).

_Rene Anders_

**Signature**

_9644 CHERRY CANYON AVE._

**Address**

_LAS VEGAS, NV 89129_

**City, State, Zip**

| CO.<br>AR6 | FILE<br>021403 | DEPT.<br>302201 N | CLOCK | NUMBER<br>0013024120   1 |
|---|---|---|---|---|

031-0001

**ARISTOCRAT TECHNOLOGIES, INC.**
*7230 AMIGO STREET*
*LAS VEGAS, NV 89119*
*702-270-1000*

# Earnings Statement



Period Beginning:      12/02/2013
Period Ending:         12/15/2013
Pay Date:              12/20/2013

Taxable Marital Status:   Single
Exemptions/Allowances:
   Federal:      0
   NV:            No State Income Tax

RENE  ANDERS
9644  CHERRY  CANYON  AVE.
LAS  VEGAS  NV  89129

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2537.94 | 80.00 | 2,537.94 | 57,571.43 |
| Annualstip | | | | 2,910.90 |
| Dividend | | | | 81.37 |
| Holiday Salary | | | | 2,264.23 |
| Incentive Pay | | | | 1,412.50 |
| Pto Salary | | | | 5,802.41 |
| Siock | | | | 972.28 |
| Tag Earnings | | | | 200.00 |
| **Gross Pay** | | | **$2,537.94** | 71,215.12 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -398.67 | 11,627.57 |
| | Social Security Tax | -155.54 | 4,363.23 |
| | Medicare Tax | -36.37 | 1,020.43 |
| | **Other** | | |
| | Den/Vis Btax Ee | -5.00* | 130.00 |
| | Nvhmo-Ee/Sp/Fam | -26.00* | 676.00 |
| | 401K | -203.04* | 5,380.11 |
| | Stk Ded | | 972.28 |
| | **Net Pay** | | **$1,713.32** |

| Other Benefits and<br>Information | this period | total to date |
|---|---|---|
| Den/Vis | 17.16 | 446.16 |
| Er Add L | 1.70 | 43.32 |
| Er Ltd | 3.55 | 91.74 |
| Er Std | 0.80 | 20.80 |
| G.T.L. | 1.70 | 28.90 |
| Hmo | 119.51 | 3,107.26 |
| 401K Match | 76.14 | 2,017.58 |
| Diversity Day B | | 8.00 |
| Pto Bal | | 358.17 |
| Service Day Bal | | 8.00 |

* **Excluded from federal taxable wages**

Your federal taxable wages this period are
$2,305.60

©1998, 2006, ADP, Inc. All Rights Reserved.

◄ TEAR HERE

CO.   FILE   DEPT.   CLOCK   NUMBER
AR6   021403  301601 N    0013170207    1

014-0001

**Earnings Statement**

ADP

*ARISTOCRAT TECHNOLOGIES, INC.*
*7230 AMIGO STREET*
*LAS VEGAS, NV 89119*
*702-270-1000*

| Period Beginning: | 12/01/2014 |
|---|---|
| Period Ending: | 12/14/2014 |
| Pay Date: | 12/19/2014 |

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:      0
NV:              No State Income Tax

RENE ANDERS
9644 CHERRY CANYON AVE.
LAS VEGAS NV 89129

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2561.00 | 72.00 | 2,304.90 | 59,023.07 |
| Pto Salary | 32.0125 | 8.00 | 256.10 | 4,977.80 |
| Annualstip | | | | 1,250.00 |
| Diversit Salary | | | | 253.79 |
| Dividend | | | | 173.63 |
| Holiday Salary | | | | 2,041.87 |
| Incentive Pay | | | | 1,575.00 |
| Timeoff Pay S | | | | 128.05 |
| **Gross Pay** | | | **$2,561.00** | 69,423.21 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Den/Vis | 17.16 | 446.16 |
| Er Add L | 1.80 | 46.10 |
| Er Ltd | 3.59 | 93.06 |
| Er Std | 0.80 | 20.80 |
| G.T.L. | 1.76 | 45.34 |
| Hmo | 119.54 | 3,108.04 |
| 401K Match | 76.83 | 2,040.02 |
| Diversity Day B | | 8.00 |
| Pto Bal | | 352.00 |
| Service Day Bal | | 8.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -400.72 | 11,056.25 |
| | Social Security Tax | -156.97 | 4,246.31 |
| | Medicare Tax | -36.71 | 993.09 |
| | **Other** | | |
| | Den/Vis Btax Ee | -5.00* | 130.00 |
| | Nvhmo-Ee/Sp/Fam | -26.00* | 676.00 |
| | 401K | -204.88* | 5,439.99 |
| | **Net Pay** | | **$1,730.72** |
| | **Net Check** | | **$1,730.72** |

* **Excluded from federal taxable wages**

Your federal taxable wages this period are
$2,326.88



©1996, 2006, ADP, LLC  All Rights Reserved.

▼ TEAR HERE



| CO. | FILE | DEPT. | CLOCK | NUMBER | |
|-----|------|-------|-------|--------|--|
| FYK | 021403 | 301601 N | | 0020081641 | 1 |

011-0001

# Earnings Statement

*ARISTOCRAT TECHNOLOGIES, INC.*
*7230 AMIGO STREET*
*LAS VEGAS, NV 89119*
*702-270-1000*

Period Beginning: 12/14/2015
Period Ending: 12/27/2015
Pay Date: 12/31/2015

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
NV: No State Income Tax

RENE ANDERS
9644 CHERRY CANYON AVE.
LAS VEGAS NV 89129

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 2637.85 | 64.00 | | 61,694.94 |
| Regular | 2637.85 | | 2,110.29 | |
| Holiday Salary | 32.9731 | 8.00 | 263.78 | 2,622.45 |
| Pto Salary | 32.9731 | 8.00 | 263.78 | 6,827.63 |
| Annualstip | | | | 2,300.00 |
| Dividend | | | | 73.36 |
| Incentive Pay | | | | 1,512.50 |
| **Gross Pay** | | | **$2,637.85** | 75,030.88 |

| Deductions | Statutory | | | |
|------------|-----------|--|--|--|
| | Federal Income Tax | | -423.31 | 11,966.28 |
| | Social Security Tax | | -163.67 | 4,601.76 |
| | Medicare Tax | | -38.28 | 1,076.22 |
| | **Other** | | | |
| | 401K | | -211.03* | 5,996.66 |
| | Den/Vis Btax Ee | | | 130.00 |
| | Nvhmo-Ee/Sp/Fam | | | 676.00 |
| | **Net Pay** | | **$1,801.56** | |
| | **Net Check** | | **$1,801.56** | |

| Other Benefits and Information | this period | total to date |
|-------------------------------|-------------|---------------|
| G.T.L | 1.98 | 70.36 |
| 401K Match | 79.14 | 2,248.88 |
| Den/Vis | | 446.16 |
| Er Add L | | 52.52 |
| Er Ltd | | 95.94 |
| Er Std | | 20.80 |
| Hmo | | 3,108.04 |
| Diversity Day B | | 8.00 |
| Pto Bal | | 341.88 |
| Service Day Bal | | 8.00 |

**\* Excluded from federal taxable wages**

Your federal taxable wages this period are
$2,428.80



© 1998, 2006. ADP, LLC. All Rights Reserved.

▼ TEAR HERE

©2000 ADP, LLC

CO.    FILE    DEPT.   CLOCK   NUMBER
FYK   021403  301601  N       0020076669  1

014-0001

*ARISTOCRAT TECHNOLOGIES, INC.*
*7230 AMIGO STREET*
*LAS VEGAS, NV 89119*
*702-270-1000*

# Earnings Statement

Period Beginning:     09/21/2015
Period Ending:        10/04/2015
Pay Date:             10/09/2015

Taxable Marital Status:   Single
Exemptions/Allowances:
   Federal:              0
   NV:                   No State Income Tax

RENE  ANDERS
9644 CHERRY CANYON AVE.
LAS VEGAS NV 89129

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2637.85 | 80.00 | 2,637.85 | 47,186.75 |
| Annualstip | | | | 2,300.00 |
| Dividend | | | | 73.36 |
| Holiday Salary | | | | 1,831.10 |
| Incentive Pay | | | | 1,137.50 |
| Pto Salary | | | | 6,300.07 |
| **Gross Pay** | | | **$2,637.85** | 58,828.78 |

| Deductions | | this period | year to date |
|---|---|---|---|
| **Statutory** | | | |
| Federal Income Tax | | -415.56 | 9,465.17 |
| Social Security Tax | | -161.75 | 3,605.57 |
| Medicare Tax | | -37.83 | 843.24 |
| **Other** | | | |
| Den/Vis Btax Ee | | -5.00* | 105.00 |
| Nvhmo-Ee/Sp/Fam | | -26.00* | 546.00 |
| 401K | | -211.03* | 4,700.48 |
| **Net Pay** | | **$1,780.68** | |
| **Net Check** | | **$1,780.68** | |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Den/Vis | 17.16 | 360.36 |
| Er Add L | 2.02 | 42.42 |
| Er Ltd | 3.69 | 77.49 |
| Er Std | 0.80 | 16.80 |
| G.T.L | 1.98 | 49.92 |
| Hmo | 119.54 | 2,510.34 |
| 401K Match | 79.14 | 1,762.78 |
| Diversity Day B | | 8.00 |
| Pto Bal | | 302.48 |
| Service Day Bal | | 8.00 |

\* Excluded from federal taxable wages

   Your federal taxable wages this period are
   $2,397.80



# Memorandum

**To:**     Renee Anders

**CC:**     Employee Personnel File

**From:**   John Merling

**Date:**   3/15/2016

**Re:**     Performance Improvement Plan – Renee Anders

---

Renee Anders was administered a Performance Improvement Plan on <u>September 1, 2015</u>. We have held follow up meetings on <u>9-14-15, 9-21-15, 9-29-15, 10-6-15, 10-12-15, 10-19-15, 10-26-15 & 11-2-15</u> in addition to other non-scheduled, work-related conversations. We have reviewed all the topics discussed in the Performance Improvement Plan and Renee has made strides in improving in all identified areas of opportunity. As a result, he has successfully met the requirements of the Performance Improvement Plan.

He will need to continue to focus on all areas. He understands that if his performance were to slide in any of the areas specified, that further disciplinary action could result, including termination. Renee understands that he should communicate with me ahead of time if he foresees anything regressing so it can be handled proactively as otherwise it could be viewed as negligence.

Renee Anders
QA Engineer

John Merling
QA Manager

1



# Disciplinary / Written Warning Discussion Planner

*Items marked with an asterisk * needs to be completed prior to the discussion taking place.*

**\*Discussion with:** Rene Anders                              **\*Date:**  4/8/16

**Nature of Warning:**  ☐ Written Warning    ☐ Final Written Warning    ☐ Suspension    ☐ Suspension Pending Investigation
☒ Termination

Employee advised of right to have a witness present?    ☐ Yes   ☐ No

Employee wishes to have witness present?    ☐ Yes   ☐ No

If Yes, name and position of employee witness: _____

---

**\*Situation to be discussed:** (be specific – include dates, times, etc., if possible.  Attach additional information as appropriate)

Rene Anders received a Performance Improvement Plan on 9/1/15 for poor performance and met the requirements, with a modified list of job duties, ending the PIP on 11/2/15. As the previously removed duties have been added back to his position, Rene has reverted to performing unsatisfactorily and is no longer meeting the requirements of the position. It was explained to Rene that if he failed to meet the requirements of the Performance Improvement Plan, it would result in termination of employment and that a satisfactory level of performance must be maintained in the future, for the duration of his employment.

---

**\*Background Information:**    ☒ Facts known    ☐ Information needed from employee    ☒ Previous discussions
☐ Concerns / impact of employee's actions on unit/team    ☐ Causes / possible reasons for the situation

---

**\*Alternatives / Requirements:** (What alternatives can you feasibly present to the employee to overcome this situation? What are the requirements that the employee must be made aware of?)

Rene Ander's employment will be terminated due to the specifics outlined in his Performance Improvement Plan administered on 9/1/15.  Rene's failure to maintain a satisfactory level of performance of his job duties will result in termination of employment.

---

**Employee Explanation:** _I Do not Agree with this Difulty with Personal in my department "Dana" were reported, this was not paid with and caused communication issues and late delivery_

**Specific actions to be taken:** ___Termination___

**What actions to be taken:** _____

**By whom:** _____   **When:** _____

**Follow-up Date:** _____   **Time:** _____

A copy of this discussion form was provided to the employee on: _____

It was explained and understood that there is an expectation of an immediate and sustained improvement in relation to the above issues, and that future breaches or performance issues may result in further disciplinary action, up to and including termination of employment.

| | | |
|---|---|---|
| **Manager's Name** | Jim Shrader | Signature |
| **Employee's Name** | Rene Anders | Signature |
| **Human Resource's Name** | Jenene Y. McCoy | Signature |

**IAFD**
Gabroy Law Offices
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel     (702) 259-7777
Fax     (702) 943-1936
christian@gabroy.com
Attorneys for Plaintiff

### DISTRICT COURT

### EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA

| | |
|---|---|
| RENE ANDERS, an individual;<br><br>                    Plaintiff,<br>vs.<br><br>ARISTOCRAT TECHNOLOGIES, INC.;<br>EMPLOYEE(S)/AGENT(S) DOES 1-10;<br>and ROE CORPORATIONS 11-20,<br>inclusive;<br><br>                    Defendant. | Case No.<br>Dept.<br><br>**Initial Appearance Fee Disclosure** |

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

    Rene Anders, Plaintiff                            $270.00

    TOTAL REMITTED                      $270.00

///

///

///

///

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Dated this 15th day of December 2016.

GABROY LAW OFFICES.

By:   /s/ Christian Gabroy
Christian Gabroy (#8805)
Kaine Messer (#14240)
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704
christian@gabroy.com

1

**DMJT**
GABROY LAW OFFICES
Christian Gabroy, Esq. (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel:    (702) 259-7777
Fax:    (702) 259-7704
christian@gabroy.com
*Attorney for Plaintiff*

2

3

4

5

6

7

**DISTRICT COURT**

8

**EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

9

10
RENE ANDERS, an individual;                           Case No.
                                                      Dept. No.
                        Plaintiff,

11
vs.

12
ARISTOCRAT TECHNOLOGIES, INC.;                        **Jury Demand**
EMPLOYEE(S)/AGENT(S) DOES 1-10;

13
and ROE CORPORATIONS 11-20,
inclusive;

14

15
                        Defendant.

16

17
        Plaintiff, Rene Anders, by and through the law firm of GABROY LAW OFFICES,

18
hereby demands a jury trial of all issues in the above-captioned matter.

19
///

20
///

21
///

22
///

23
///

24
///

25
///

26
///

27
///

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1   Dated this 15th day of December 2016.

2                                                    Respectfully submitted,

3                                                    GABROY LAW OFFICES

4

5                                                    By_____
                                                     Christian Gabroy, Esq.
6                                                    The District at Green Valley Ranch
                                                     170 South Green Valley Parkway
7                                                    Suite 280
                                                     Henderson, Nevada 89012
8                                                    Tel:    (702) 259-7777
                                                     Fax:    (702) 259-7704
9                                                    *Attorney for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704